MOORE; Judge,
concurring in the result.
I disagree with any implication in the main opinion that the Alabama Fraudulent Transfer Act (“the AFTA”), § 8-9A-1 et seq., Ala.Code 1975, does not apply to a property settlement reached by spouses in anticipation of, or in conjunction with, a divorce. See Prescott v. Baker, 644 So.2d 877, 880 (Ala.1994) (indicating that creditor could pursue action under the AFTA against husband who disposéd of assets in property settlement). In the case of a settlement, as opposed to a court-ordered *514 property division,[5] a debtor-spouse voluntarily-conveys his or her interest in certain property to the other spouse. Nothing in Alabama law that I can find insulates that transfer from being voided if it is later proven to be a fraudulent conveyance.
" I also disagree with the statement that “the conveyance of property between divorcing spouses pursuant to a property settlement does not involve monetary consideration.” 198 So.3d at 512. To the contrary, most property settlements are based, in part, if not largely, on financial considerations, with each spouse agreeing to accept certain valuable property and to forgo any claim to other valuable property retained by the other spouse. The law does not require a divorcing spouse to pay additional consideration for a property conveyance in many cases, but that does not mean that a property settlement does not- involve any financial consideration. Hence, I. believe that a court can find a conveyance from one spouse to another to be fraudulent if it is not exchanged for “reasonably equivalent value” within the meaning of § 8-9A-5(a), Ala.Code 1975, although I agree that the value does not have to be exactly equal.
That said, I concur that the judgment of the St, Clair Circuit Court should be affirmed. Substantial evidence supports the trial court’s factual findings, which indicate that Alfred Davis did not convey the marital compound to Shirley Davis with “actual intent to hinder, delay, or defraud” Aliant Bank, § 8-9A-4(a), Ala.Code 1975, and that Alfred conveyed to Shirley the marital property as part of a global property settlement for which he received “reasonably equivalent value, with the term “reasonably” being considered in light of the marital and other circumstances.
THOMAS, J., concurs.

. The main opinion broadly states that “property divisions are not transfers of assets made with the intention of, 'hindering], delaying], or ,defraud[ing]’ creditors of a debtor spouse. § 8-9A-4(a), Ala.Code 1975,” 198 So.3d at 512. I note, however, that this case does not involve a property division made by a court based on equitable principles, but a property settlement entered into,between the parties. Although it is .unlikely a court would ever order a transfer of assets in order to defeat a creditor’s claim, divorcing spouses could use, and have used, property settlements to frustrate creditors of one of the spouses.